IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Action No. _3 : 05 CV 477-K_

FILED
CHARLOTTE, N. C.

NOV. 1 5. 2005

U. S. DISTRICT COURT
W. DIST. OF N. C.

|  |  |  |
|---|---|---|
| W. WELLS VAN PELT, JR. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| UBS FINANCIAL SERVICES, INC. | ) | **COMPLAINT** |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff W. Wells Van Pelt, Jr., complains of UBS Financial Services, Inc. and alleges as follows:

## NATURE OF ACTION

This is an action for confirmation of an arbitration award against defendant UBS Financial Services, Inc. ("UBS").  Plaintiff seeks a judgment confirming the arbitration award and entry of judgment thereon pursuant to 9 U.S.C. § 9 or, in the alternative, N.C. Gen. Stat. §§ 1-567.12 and .15.

## PARTIES AND JURISDICTION

1. Plaintiff W. Wells Van Pelt, Jr. is a citizen and resident of Charlotte, Mecklenberg County, North Carolina.

2. Defendant UBS is a corporation organized and existing under the laws of Delaware with its principal place of business in New York.

3. This Court has jurisdiction over the controversy pursuant to 9 U.S.C. § 1 and pursuant to 28 U.S.C. § 1332(a) in that the amount in controversy is in excess of $75,000 and the plaintiff and defendant are citizens of different states.

4. Venue is proper in this district under 9 U.S.C. § 9 and 28 U.S.C. § 1391 in that the arbitration at issue in this case was heard in Charlotte, North Carolina.

## ADDITIONAL FACTUAL ALLEGATIONS

5. Plaintiff W. Wells Van Pelt, Jr. was employed by defendant UBS until UBS terminated him on January 15, 2003.

6. On January 28, 2004, plaintiff demanded arbitration against UBS and an employee of UBS, Michael Williams, by filing a Statement of Claim and Uniform Submission Agreement with the National Association of Securities Dealers, Inc. ("NASD"). Plaintiff's Statement of Claim alleged wrongful termination, defamation, intentional interference with prospective contractual relations, violation of the North Carolina Wage and Hour Act, violation of The Age Discrimination in Employment Act of 1967, tortious interference with contractual relationships, breach of the duty of good faith and fair dealing, conversion, civil conspiracy, and negligent infliction of emotional distress.

7. On April 20, 2004, UBS and Williams submitted to the NASD a Statement of Answer, Counterclaim, and Motion to Dismiss and signed Uniform Submission Agreements. In its counterclaim, UBS alleged breach of a repayment obligation, breach of a non-solicitation agreement, tortious interference with contract, and violation of North Carolina's Unfair and Deceptive Practices Act.

8. The NASD appointed the following persons to serve as the parties' arbitration panel: James Edward Banks, Esq., Dennis W. Good and Lisa Bass Morris, Esq.

Case 3:05-cv-00477-RJC-DCK   Document 1   Filed 11/15/05   Page 2 of 6

9.      The panel denied respondents' motion to dismiss by order dated February 9, 2005.

10.      An arbitration hearing was held in Charlotte, North Carolina, for five days on October 3 through 7, 2005. At the hearing, plaintiff was represented by Sarah G. Anderson, of Clawson & Staubes, L.L.C; Charles P. Murdter of Charlotte and Washington, D.C.; and Andrew O. Whiteman of Hartzell & Whiteman, L.L.P. Respondents were represented by William L. Sitton, Jr. and Christopher A. Hicks of Katten Muchin Rosenman L.L.P and Edward Herban, in-house attorney of UBS.

11.      At the hearing, respondents filed motions to dismiss the claims against them. Plaintiff agreed to dismiss the claims against Michael Williams and to dismiss the claim alleging that defendant UBS had violated The Age Discrimination in Employment Act of 1967. The panel denied UBS' motion to dismiss the remaining claims against it.

12.      Following the hearing, the panel allowed the parties to submit post-hearing damage calculations.

13.      On November 4, 2005, the NASD served the arbitrators' unanimous decision, a copy of which is attached hereto as Exhibit 1 ("Arbitration Award") and incorporated herein by reference. The Arbitration Award provides:

> After considering the pleadings, the testimony and evidence presented at the hearing, and the post-hearing submissions, the Panel has decided in full and final resolution of the issues submitted for determination as follows:
>
> 1.      Respondent UBS is liable and shall pay to Claimant compensatory damages in the amount of $2,471,330.00;
>
> 2.      Respondent UBS is liable and shall pay to Claimant the sum of $16,579 for the expenses Claimant incurred for his expert witnesses;
>
> 3.      The panel finds that the Form U-5 filed with CRD by Respondent UBS PaineWebber Inc. (CRD 8174) on behalf of Claimant W. Wells Van Pelt contains defamatory information. The Panel therefore recommends the expungement of the Termination Comment as reported in Item 3 of the

Case 3:05-cv-00477-RJC-DCK   Document 1   Filed 11/15/05   Page 3 of 6

Form U5 filed with CRD by Respondent UBS, which states "Concerns about conduct regarding transactions at and near the close in a customer''s (sic) account." The replacement language for the termination comment is "Concerns about conduct regarding transactions at and near the close in a customer's account following an internal investigation. Although Mr. Van Pelt offered to resign rather than be terminated, his request was denied. The Securities and Exchange Commission ("SEC") conducted an investigation regarding the transactions. The SEC did not initiate any enforcement action against Mr. Van Pelt following the conclusion of its investigation. In addition, a Panel of arbitrators did not find evidence of misconduct by Mr. Van Pelt during the consideration of his claim against UBS for wrongful termination (NASD arbitration case #04-00619)." There is no change recommended to the original reason for termination (i.e., discharge). The expungement recommendation is based on the defamatory nature of the information contained in Claimant's CRD record;

4.    The Panel orders that Respondent UBS file an amended Form U5 with CRD on behalf of Claimant. Question 7B (Internal Review) should be answered "Yes" and complete details regarding the internal review should be provided on a U5 Internal Review Disclosure Reporting Page (DRP). The amended Form U5 should be filed with CRD within 30 days after this award is served to all parties;

5.    All other requests for relief submitted by Claimant are hereby denied;

6.    Respondent UBS's Counterclaim is denied in its entirety;

7.    All claims against Respondent Williams are dismissed in their entirety;

8.    The parties shall bear their respective costs, including attorney's fees, except as Fees are specifically addressee below; and

9.    Any and all relief not specifically addressed herein, including punitive damages, is denied in its entirety.

14.    The arbitration award is final and binding pursuant to the parties' agreement to arbitrate and the Code of Arbitration Procedure of the NASD.

Case 3:05-cv-00477-RJC-DCK   Document 1   Filed 11/15/05   Page 4 of 6

## CLAIM FOR RELIEF
(Confirmation of Arbitration Award)

15.     Plaintiff is entitled to confirmation of the award pursuant the Federal Arbitration Act or, in the alternative, the North Carolina Uniform Arbitration Act.

16.     Under Section 9 of the Federal Arbitration Act, any party to an arbitration agreement may apply to the federal district court in the district in which the arbitration award was made to enter the award as a judgment.

17.     In the alternative, plaintiff is entitled to confirmation and entry of judgment pursuant to N.C. Gen. Stat §§ 1-567.12 and .15.

18.     Plaintiff requests that the Arbitration Award be confirmed as a final judgment of this Court.


## PRAYER FOR RELIEF

WHEREFORE, having complained of defendant UBS, plaintiff prays that the Court for the following relief:

1.      That the Court confirm and enter judgment in accordance with the Arbitration Award;

2.      That the costs of this action be taxed to defendant UBS; and

3.      That plaintiff receive such other relief as the Court may deem just and proper.


Date:  _11/17/05_                     _Andrew O. Whiteman_
                                      Andrew O. Whiteman
                                      Hartzell & Whiteman, L.L.P.
                                      2626 Glenwood Avenue, Suite 500
                                      Raleigh, North Carolina  27608
                                      (919) 571-8300 (Telephone)
                                      (919) 571-1004 (Facsimile)
                                      *Attorneys for Plaintiff*

*Of Counsel:*

Sarah G. Anderson, Esq.
Clawson & Staubes, LLC
126 Seven Farms Drive, Suite 200
Charleston, SC  29492-7595

Charles P. Murdter, Esq.
1050 Connecticut Avenue
Suite 1000
Washington, DC  20036

Case 3:05-cv-00477-RJC-DCK   Document 1   Filed 11/15/05   Page 6 of 6