IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Action No. 3:05-CV-477-K

| | |
|---|---|
| W. WELLS VAN PELT, JR. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| UBS FINANCIAL SERVICES, INC. | ) |
| | ) |
| Defendant. | ) |
| | ) |

**PLAINTIFF'S BRIEF IN SUPPORT OF**
**MOTION FOR CONFIRMATION OF ARBITRATION AWARD**

This is plaintiff W. Wells Van Pelt, Jr.'s brief in support of his motion to confirm the arbitration award entered in his favor against defendant UBS Financial Services, Inc. ("UBS").

**FACTS**

Plaintiff W. Wells Van Pelt, Jr. was employed by defendant UBS until UBS terminated him on January 15, 2003. On January 28, 2004, plaintiff demanded arbitration against UBS and an employee of UBS, Michael Williams, by filing a Statement of Claim and Uniform Submission Agreement with the National Association of Securities Dealers, Inc. ("NASD"). Plaintiff's Statement of Claim alleged wrongful termination, defamation, intentional interference with prospective contractual relations, violation of the North Carolina Wage and Hour Act, violation of The Age Discrimination in Employment Act of 1967, tortious interference with contractual relationships, breach of the duty of good faith and fair dealing, conversion, civil conspiracy, and negligent infliction of emotional distress.

On April 20, 2004, UBS and Williams submitted to the NASD a Statement of Answer, Counterclaim, and Motion to Dismiss and signed Uniform Submission Agreement forms. Exhibit 1 is the Uniform Submission Agreement signed by defendant UBS. In its counterclaim, UBS alleged breach of a repayment obligation, breach of a non-solicitation agreement, tortious interference with contract, and violation of North Carolina's Unfair and Deceptive Practices Act.

The NASD appointed the following persons to serve as the parties' arbitration panel: James Edward Banks, Esq., Dennis W. Good and Lisa Bass Morris, Esq. After appointment, the panel denied respondents' motion to dismiss by order dated February 9, 2005.

An arbitration hearing was held in Charlotte, North Carolina, for five days on October 3 through 7, 2005. At the hearing, plaintiff was represented by Sarah G. Anderson, of Clawson & Staubes, L.L.C; Charles P. Murdter of Charlotte and Washington, D.C.; and Andrew O. Whiteman of Hartzell & Whiteman, L.L.P. Respondents were represented by William L. Sitton, Jr. and Christopher A. Hicks of Katten Muchin Rosenman L.L.P and Edward Herban, in-house attorney of UBS.

At the hearing, respondents filed motions to dismiss the claims against them. Plaintiff agreed to dismiss the claims against Michael Williams and to dismiss the claim alleging that defendant UBS had violated The Age Discrimination in Employment Act of 1967. The panel denied UBS' motion to dismiss the remaining claims against it.

Following the hearing, the panel allowed the parties to submit post-hearing damage calculations.

On November 4, 2005, the NASD served the arbitrators' unanimous decision, a copy of which is attached hereto as Exhibit 2 ("Arbitration Award"). The arbitration award is final and

binding pursuant to the parties' agreement to arbitrate and the Code of Arbitration Procedure of the NASD.

## ARGUMENT

A. **Plaintiff is Entitled to Confirmation Pursuant to 9 U.S.C. § 9**

The Federal Arbitration Act, 9 U.S.C. § 1, *et seq.,* applies to "[a] contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction." 9 U.S.C. § 2. The FAA is applicable to an employment dispute between a stockbroker and a broker-dealer firm. *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 25 n.2 (1991); *Zandford v. Prudential-Bache Securities, Inc.*, 112 F.3d 723, 727 -28 (4th Cir. 1997); *Williams v. Cigna Fin. Advisors, Inc.*, 56 F.3d 656, 660 (5th Cir.1995); *Willis v. Dean Witter Reynolds, Inc.*, 948 F.2d 305, 312 (6th Cir.1991).

9 U.S.C. § 9 (1947) provides that:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title. If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district in which such award was made.

In this case, after plaintiff initiated arbitration by filing his Statement of Claim with the National Association of Securities Dealers ("NASD"), defendant signed a Uniform Submission Agreement form in which it agreed, *inter alia,* that:

> The undersigned parties further agree to abide by and perform and award(s) rendered pursuant to this Submission Agreement and further agree that a judgment and any interest due thereon may be entered upon such award(s) and, for these purposes, the undersigned parties hereby voluntarily consent to the jurisdiction of any court of competent jurisdiction which may properly enter such judgment.

Exhibit 1 is the Uniform Submission Agreement form signed by defendant.

Plaintiff is therefore entitled to an order confirming the arbitration award (Exhibit 2) pursuant to 9 U.S.C. § 9.

B. **<u>In the Alternative, Plaintiff is Entitled to Confirmation and Judgment Pursuant to North Carolina Law</u>**

In the event the Court concludes that the Federal Arbitration Act is inapplicable, plaintiff is entitled to confirmation and entry of judgment pursuant to North Carolina law. N.C. Gen. Stat §§ 1-569.22 and .25 (2004).

## PRAYER FOR RELIEF

Wherefore, plaintiff prays that the Court grant the following relief:

1. That the Court confirm the arbitration award and enter judgment against defendant UBS in accordance with its terms;

2. That the costs of this action be taxed to defendant UBS; and

3. That plaintiff receive such other relief as the Court may deem just and proper.

Date: December 6, 2005
s/Andrew O. Whiteman
Andrew O. Whiteman Bar Number: 9523
Attorneys for Plaintiff
Hartzell & Whiteman, L.L.P.
2626 Glenwood Avenue, Suite 500
Raleigh, North Carolina 27608
Telephone: (919) 571-8300
Fax: (919) 571-1004
E-mail: andywhiteman@hwlawyers.com

*Of Counsel:*

Sarah G. Anderson, Esq.
Clawson & Staubes, LLC
126 Seven Farms Drive, Suite 200
Charleston, SC  29492-7595

Charles P. Murdter, Esq.
1050 Connecticut Avenue
Suite 1000
Washington, DC  20036

Fred B. Monroe, Esq.
James, McElroy & Diehl, P.A.
600 South College Street, Ste. 3000
Charlotte, NC  28202

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the attached document or pleading was served upon all parties by United States Mail, addressed to:

>George C. Covington, Esq.
>William O. L. Hutchinson, Esq.
>Kennedy Covington Lobdell & Hickman, L.L.P.
>Hearst Tower, 47th Floor
>214 North Tryon Street
>Charlotte, NC  28202

Date:  December 6, 2005         s/Andrew O. Whiteman
                                Andrew O. Whiteman